```
                         UNITED STATES DISTRICT COURT
                         SOUTHERN DISTRICT OF FLORIDA

                         CASE NO. 09-20684-Civ-GOLD
                         MAGISTRATE JUDGE P.A. WHITE
```

JUAN DIAZ-GONZALEZ            :

    Petitioner,           :
v.
                                        :      <u>REPORT OF</u>
WALTER A. McNEIL,                    <u>MAGISTRATE JUDGE</u>
                                      :

    Respondent.
_____ :

Juan Diaz-Gonzalez, a state prisoner,[1] has filed a <u>pro se</u> petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, attacking the constitutionality of his conviction entered in Case No. 03-12229 in the Circuit Court of the Eleventh Judicial Circuit of Florida at Miami-Dade County.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

For its consideration of the petition with supporting exhibits (DE# 1, 8), the Court has the respondent's response to an order to show cause with multiple exhibits (DE# 9, 10, 11).

---

[1] At the time that he filed the instant petition, Petitioner was confined at Dade Correctional Institution at Florida City, Florida. <u>See</u> DE# 1. Petitioner notified this Court on June 22, 2009, that he had been transferred to Charlotte CI. <u>See</u> DE# 13. The database maintained by the Florida Department of Corrections reviewed this date indicates that Petitioner is not currently confined at Charlotte CI in that he is "OUT OF DEPT. CUSTODY BY COURT ORDER." <u>See</u> http://www.dc.state.fl.us. Petitioner has not notified this Court of his most recent place of confinement, as is his responsibility. <u>See</u> DE# 6 at ¶3.

The pertinent procedural history of this case is as follows. Petitioner was charged by Amended Information with attempted first degree murder with a deadly weapon (Count 1); aggravated stalking/prior injunction/restraint (Count 2); unlawful possession of a firearm or weapon by a convicted felon (Count 3); violation of an injunction against domestic violence (Count 4); and obstruction by a disguised person (Count 5).[2] (Appendix to Response to Petition for Writ of Habeas Corpus at 1-7)(DE# 11). Gonzalez was found guilty after a two-day jury trial of the offenses of aggravated assault with a firearm that was discharged; as a lesser included offense of attempted first degree murder; violation of an injunction against domestic violence; and obstruction by disguised person. Id. at 141-42. The trial court adjudicated him guilty of the subject offenses and sentenced him to a total term of imprisonment of twenty years. Id. at 188-90, 218-20. Petitioner prosecuted a direct appeal and in a written opinion issued by the Florida Third District Court of Appeal on June 21, 2006, his aggravated assault and violation of an injunction against domestic violence convictions were affirmed but his conviction of obstruction by disguise was reversed. Id. at 394-98. See also Diaz-Gonzalez v. State, 932 So.2d 528 (Fla. 3 DCA 2006). The case was remanded to the trial court with instructions to vacate obstruction by disguise conviction. Id.

Approximately six months later, Petitioner commenced his pursuit of postconviction relief, first filing in the trial court on December 26, 2006, a pro se Motion to Correct Illegal Sentence pursuant to Fla.R.Crim.P 3.800(a), challenging his sentence as

---

[2]In brief, this case involves an incident during which Petitioner shot a firearm at his ex-wife, and then gave a false name to a police officer when he was finally apprehended a few months later. For a more thorough recitation of the facts of the case with citations to the trial transcript, see the Respondent's Response to Order to Show Cause at 6-11. (DE# 9). See also Trial Transcript. (DE# 10).

2

unlawfully excessive in violation of the statutory maximum. See Appendix to Response to Petition for Writ of Habeas Corpus at 400-06. The motion was summarily denied by the trial court, and the trial court's ruling was affirmed by the state appellate court with the mandate issuing on June 15, 2007, after the Petitioner's Motion for Rehearing with Request to Clarify Decision was denied. Id. at 407, 408, 437, 438-40, 441, 442. See also Gonzalez v. State, 957 So.2d 1214 (Fla. 3 DCA 2007).

On April 7, 2008, Petitioner filed, through counsel, a Sworn Motion to Vacate Judgment and Sentence with supporting documentary exhibits pursuant to Fla.R.Crim.P. 3.850, raising various claims of ineffective assistance of trial counsel. See Appendix to Response to Petition for Writ of Habeas Corpus at 446-516. After a response had been filed by the state and reply by the petitioner, the trial court summarily denied the motion. Id. at 517-26, 527-33, 534-37. Petitioner's pro se motion for rehearing was denied, and he then took an appeal from the trial court's rulings. Id. at 538-46, 547, 548. The appellate court affirmed the denial of postconviction relief in a *per curiam* decision without written opinion. Id. at 578. See also Diaz-Gonzalez v. State, 998 So.2d 614 (Fla. 3 DCA 2008). The mandate issued on February 2, 2009, after Petitioner's motion for rehearing was denied. Id. at 579-84, 585, 586.

Petitioner then came to this Court, filing on March 16, 2009,[3] the instant pro se petition for writ of habeas corpus pursuant to

---

[3] The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus and, therefore, deems the petition "filed on the date it was delivered to prison authorities for mailing." Alexander v. Sec'y Dep't of Corr., 523 F.3d 1291, 1294 n. 4 (11 Cir. 2008).

3

28 U.S.C. §2254.[4] In response to the order to show cause, the respondent solely asserts that this petition should be dismissed as untimely filed. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner must generally file his §2254 petition within one year from the date that his conviction became final by the conclusion of direct review or the expiration of the time for seeking such review. See 28 U.S.C. §2244(d)(1)(A);[5] Jimenez v. Quarterman, ___ U.S. ___, ___, 129 S.Ct. 681, 685-86, 172 L.Ed.2d 475 (2009)(explaining the rules for calculating the one-year period under §2244(d)(1)(A)). This period is tolled while a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending.[6] 28 U.S.C. §2244(d)(2). Moreover, the one-year limitations period is

---

[4] It appears that after the filing of the instant pro se §2254 petition in this Court, Petitioner filed a second Rule 3.850 motion in the state trial court. See Appendix to Response to Petition for Writ of Habeas Corpus at 598-99. Any such state court proceeding has no bearing whatever on this federal habeas corpus proceeding.

[5] The statute provides that the limitations period shall run from the latest of —

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

[6] A properly-filed application is defined as one whose "delivery and acceptance are in compliance with the applicable laws and rules governing filings," which generally govern such matters as the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. Artuz v. Bennett, 531 U.S. 4 (2000)(overruling Weekley v. Moore, 204 F.3d 1083 (11 Cir. 2000)).

also subject to equitable tolling in rare and exceptional cases. Lawrence v. Florida, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007)(holding that for equitable tolling to apply, a petitioner has the burden of proving: "(1) that he ha[d] been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."). See also Helton v. Secretary for Dept. of Corrections, 259 F.3d 1310, 1312 (11 Cir. 2001)(stating that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."), cert. denied, 535 U.S. 1080 (2002); Sandvik v. United States, 177 F.3d 1269, 1271 (11 Cir. 1999).

The judgment of conviction and sentence in the instant case became final on September 19, 2006, ninety days after the Florida Third District Court of Appeal issued its opinion on direct appeal.[7] See Jimenez v. Quarterman, 129 S.Ct. at 685; SUP.CT.R. 13(1). This federal petition for writ of habeas corpus challenging the instant conviction was not filed until March 16, 2009, well-beyond one-year after the date on which the conviction and sentence became final. Accordingly, as correctly asserted by the respondent, the petition is time-barred pursuant to 28 U.S.C. §2244(d)(1)(A) unless the appropriate limitations period was extended by properly filed applications for state post-conviction or other collateral review proceedings. 28 U.S.C. §2244(d)(2).

As indicated above, Petitioner pursued postconviction

---

[7] Even if this Court were instead to use the later date of September 25, 2006, the date that the trial court entered its order vacating the judgment of conviction and sentence as to the disguise conviction pursuant to the Florida Third District Court of Appeal's mandate, see Appendix to Response to Petition for Writ of Habeas Corpus at 606, the outcome of this proceeding remains the same. The instant petition is time-barred.

challenges to his conviction and sentence in both the state trial and appellate courts. Review of the record reveals that after giving Petitioner all appropriate tolling time credit for the time his postconviction proceedings remained pending (i.e., from December 26, 2006, through February 2, 2009), there remains 434-days of untolled time. In other words, Petitioner's petition is untimely filed by 69 days. To have been timely, the petition should have been filed in this Court on or before January 6, 2009. Petitioner waited until March 16, 2009, to file his petition. Unless Petitioner establishes that he is entitled to proceed under one of §2244(d)'s statutory tolling provisions, see §2244(d)(1)(B)-(D), or is entitled to equitable tolling of the limitations period, the petition is time-barred.

While Petitioner has addressed the limitations issue in his petition, he has offered no legitimate justification whatever for his late-filing.[8] See Petition at ¶18. (DE# 1). Petitioner merely recites in a chronological fashion, and not with accuracy as to all dates, the direct appeal and state postconviction proceedings he pursued. Id. He apparently maintains that based upon the recited

---

[8]Generally, this Court enters an order to the petitioner, requiring him or her to state whether one or more of the four factors listed herein, see 28 U.S.C. §2244(d)(1)(A)-(D), justifies consideration of this petition for writ of habeas corpus. The order advises the petitioner that failure to demonstrate the existence of at least one of the four factors would probably result in dismissal of the petition as time barred. The petitioner in this case was inadvertently not so notified. He need not now receive the Court's order, however, since he did specifically address the limitations issue in his petition, apparently asserting that the petition has been timely filed. It is noted that the respondent filed his response on May 7, 2009, solely asserting that this petition should be dismissed as time-barred. See Response to Order to Show Cause. (DE# 9). The claim of this federal petition was not addressed on the merits. Id. A copy of the response was mailed to petitioner at his then-place of confinement, Dade CI, and he filed no responsive pleading whatever. Further, the undersigned's Report and Recommendation entered this date clearly places Petitioner on notice that the one-year statute of limitations is dispositive in this habeas corpus case. Thus, rather then further delay disposition of this federal proceeding any appropriate opposition to the time-bar can be asserted by Petitioner through the filing of timely objections to this Report.

relevant date as to the finality of his conviction and dates pertaining to the postconviction proceedings, for which he is entitled to tolling time credit, the instant petition is timely filed. Petitioner is mistaken, as indicated herein.

If Petitioner were to maintain that he could not timely file his habeas petition with this Court, because he first needed to exhaust his state court remedies prior to filing the instant petition, any such claim would also be meritless. Because the tolling provisions of §2244(d)(2) already accommodate the exhaustion requirement that petitioner faced, he would not be entitled to equitable tolling on this basis. See Smith v. McGinnis, 208 F.3d 13, 17-18 (2 Cir. 2000); See also Franklin v. Bagley, 27 Fed. Appx. 541, 542-543 (6 Cir. 2001)(limitations period not equitably tolled due to the fact that petitioner was attempting to exhaust all of his state court remedies prior to filing his federal habeas petition, absent a showing of due diligence).

Further, this case presents no grounds for the application of the doctrine of equitable tolling. Lawrence v. Florida, 549 U.S. at 336. The Eleventh Circuit has continued to emphasize that "[e]quitable tolling is an extraordinary remedy that must be applied sparingly" for "[a] truly extreme case." Holland v. Florida, 539 F.3d 1334, 1338 (11 Cir. 2008). The record also does not demonstrate that Petitioner was in any way impeded by any unconstitutional State action in pursuing state postconviction relief or filing this federal petition for writ of habeas corpus, and actually indicates to the contrary as revealed by the above-reviewed state postconviction proceedings. Finally, Petitioner's status as an unskilled layperson does not excuse the delay. See Johnson v. United States, 544 U.S. 295, 311, 125 S.Ct. 1571, 1582

(2005)(stating that "the Court has never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."). <u>See also</u> <u>Rivers v. United States</u>, 416 F.3d at 1323 (holding that while movant's lack of education may have delayed his efforts to vacate his state conviction, his procedural ignorance is not an excuse for prolonged inattention when promptness is required).

Accordingly, the time-bar is ultimately the result of Petitioner's failure to timely pursue state postconviction proceedings and then this federal habeas corpus proceeding. Since this habeas corpus proceeding instituted on March 16, 2009, is untimely, Petitioner's claims challenging the lawfulness of his conviction are now time-barred pursuant to 28 U.S.C. §2244(d)(1)-(2) and should not be considered on the merits.

It is therefore recommended that this petition for writ of habeas corpus be dismissed as untimely filed pursuant to 28 U.S.C. §2244(d)(1)-(2).

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this <u>24</u>th day of February, 2010.

UNITED STATES MAGISTRATE JUDGE

cc:   Juan Diaz-Gonzalez, <u>Pro Se</u>
      DC# 415388
      Charlotte Correctional Institution
      33123 Oilwell Road
      Punta Gorda, FL 33955
      (last known address)

```
Lunar C. Alvey, AAG
Department of Legal Affairs
444 Brickell Avenue
Suite 650
Miami, FL 33131
```